IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CIRREX SYSTEMS LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 13-921 (GMS) |
| | ) | |
| VERIZON SERVICES CORP.; ARRIS | ) | |
| GROUP, INC.; ALCATEL-LUCENT USA, | ) | |
| INC.; TELLABS, INC.; TELLABS | ) | |
| OPERATIONS, INC.; TELLABS NORTH | ) | |
| AMERICA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**OPENING BRIEF IN SUPPORT OF DEFENDANTS'
MOTION TO STAY PENDING INTER PARTES REVIEW**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Paul Saindon (#5110)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
psaindon@mnat.com

*Attorneys for Alcatel-Lucent USA, Inc.*

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Paul Saindon (#5110)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
psaindon@mnat.com

*Attorneys for ARRIS Group, Inc.*

OF COUNSEL:

L. Norwood Jameson, Esquire
Matthew C. Gaudet, Esquire
John R. Gibson, Esquire
S. Neil Anderson, Esquire
DUANE MORRIS LLP
1075 Peachtree Street NE, Suite 2000
Atlanta, GA  30309-3929

John M. Baird, Esquire
DUANE MORRIS LLP
505 9th Street, N.W., Suite 1000
Washington, DC  20004-2166

SEITZ ROSS ARONSTAM & MORITZ LLP
Collins J. Seitz, Jr. (#2237)
Benjamin J. Schladweiler (#4601)
100 South West Street, Suite 400
Wilmington, DE  19801
(302) 576-1600
cseitz@seitzross.com
bschladweiler@seitzross.com

*Attorneys for Tellabs, Inc., Tellabs Operations,*
*Inc., Tellabs North America, Inc.*

OF COUNSEL:

L. Norwood Jameson, Esquire
Matthew C. Gaudet, Esquire
John R. Gibson, Esquire
S. Neil Anderson, Esquire
DUANE MORRIS LLP
1075 Peachtree Street NE, Suite 2000
Atlanta, GA  30309-3929

John M. Baird, Esquire
DUANE MORRIS LLP
505 9th Street, N.W., Suite 1000
Washington, DC  20004-2166

June 17, 2014

# TABLE OF CONTENTS

**PAGE**

NATURE AND STAGE OF THE PROCEEDINGS ..................................................... 1

SUMMARY OF THE ARGUMENT ............................................................................. 1

STATEMENT OF FACTS ............................................................................................ 2

    I.    THE '953 PATENT ............................................................................................2

    II.   DEFENDANTS' IPR PETITION.......................................................................3

ARGUMENT ................................................................................................................ 4

    I.    A STAY WILL NOT UNDULY PREJUDICE CIRREX ...................................5

        A.   Defendants Timely Filed The Petition For IPR And Promptly Moved For A
            Stay ............................................................................................................5

        B.   Status Of The IPR......................................................................................7

        C.   Cirrex Does Not Practice The Patents And Cannot Lose Market Share Or
            Goodwill During A Stay ............................................................................8

    II.   A STAY WILL SIMPLIFY THE ISSUES FOR TRIAL, IF TRIAL IS STILL
         NEEDED ...........................................................................................................9

    III.  THE CASE IS IN ITS EARLY STAGES .......................................................11

CONCLUSION............................................................................................................ 12

# TABLE OF AUTHORITIES

<span style="font-variant: small-caps;">Cases</span>

*AIP Acquisitions LLC v. Level3 Comms., LLC*,
    C.A. No. 12-617-GMS, D.I. 74, slip op. (D. Del. Jan. 9, 2014) ....................................7, 10, 11

*Bayer Intellectual Prop. GmbH v. Warner Chilcott Co.*,
    C.A. No. 12-1032-GMS, 2013 WL 6503456 (D. Del. Dec. 9, 2013).......................................5

*BodyMedia, Inc. v. Basis Sci., Inc.*,
    C.A. No. 12-113-GMS, 2013 WL 2462105 (D. Del. Jun. 6, 2013)..........................................5

*Bonutti Skeletal Innovations, LLC v. Zimmer Holdings, Inc.*,
    C.A. 12-1107-GMS, 2014 WL 1369721 (D. Del. April 7, 2014)................................... *passim*

*Boston Scientific Corp. v. Cordis Corp.*,
    777 F. Supp. 2d 783 (D. Del. 2011).........................................................................................5

*Cost Bros., Inc. v. Travelers Indem. Co.*,
    760 F.2d 58 (3d Cir. 1985).......................................................................................................4

*Ethicon v. Quigg*,
    849 F.2d 1422 (Fed. Cir. 1988)................................................................................................4

*Ever Win Int'l Corp. v. Radioshack Corp.*,
    902 F. Supp. 2d 503 (D. Del. 2012)....................................................................................6, 12

*Fifth Market, Inc. v. CME Group Inc.*,
    C.A. 08-520-GMS, D.I. 182, slip op. (D. Del. May 20, 2011) ...............................................12

*First Am. Title Ins. Co. v. McLaren LLC*,
    C.A. No. 10-363-GMS, 2012 WL 769601 (D. Del. Mar. 9, 2012)...........................................5

*Fresenius USA, Inc. v. Baxter Intern., Inc.*,
    721 F.3d 1330 (Fed. Cir. 2013).................................................................................................9

*Gioello Enters. Ltd. v. Mattel, Inc.*,
    C.A. No. 99-375-GMS, 2001 WL 125340 (D. Del. Jan. 29, 2001).........................................11

*In re: Bear Creeks Techs., Inc.*,
    MDL No. 12-md-2344 (GMS), 2013 WL 3789471 (D. Del. July 17, 2013) .......................8, 9

*Market-Alerts Pty. Ltd. v. Bloomberg Finance L.P., et al.*,
    C. A. No. 12-780-GMS, slip op. (D. Del. Feb. 5, 2013)....................................................10, 11

*Neste Oil OYJ v. Dynamic Fuels, LLC*,
    C.A. No. 12-1744-GMS, 2013 WL 335984 (D. Del. July 2, 2013) .............................5, 10, 12

*Nexans, Inc. v. Belden, Inc.*,
    C.A. No. 12-1491-SLR-SRF, 2014 U.S. Dist. LEXIS 20116 (D. Del. Feb. 19, 2014) ...........10

*Patlex Corp. v. Mossinghoff*,
    758 F.2d 594 (Fed. Cir. 1985)...................................................................................................8

*SunPower Corp. v. PanelClaw, Inc.*,
    C.A. No. 12- 1633-GMS, slip op. (D. Del. May 16, 2014) ...................................................6, 7

*Universal Elecs., Inc. v. Universal Remote Control, Inc.*,
    C.A. No. 12-329-AG, 2013 WL 1876459 (C.D. Cal. May 2, 2013) ......................................10

*Walker Digital, LLC v. Google Inc.*,
    C.A. No. 11-309-SLR, 2013 U.S. Dist. LEXIS 52176 (D. Del. Apr. 11, 2013) ......................8

## RULES AND STATUTES

35 U.S.C. § 307.............................................................................................................................9

35 U.S.C. § 314.............................................................................................................................4

35 U.S.C. § 315....................................................................................................................6, 9, 11

## NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff Cirrex Systems, LLC ("Cirrex") filed its Complaint in this action on May 22, 2013 asserting infringement of U.S. Patent No. 6,404,953 ("the '953 Patent").  (D.I. 1)  On July 19, 2013, Cirrex filed its First Amended Complaint adding U.S. Patent Nos. 6,208,783 ("the '783 Patent") and 6,222,970 ("the '970 Patent") against Defendant Verizon Communications Inc. ("Verizon") only.  (D.I. 18).[1]  On March 9, 2014 the Court stayed the case as to Verizon.  (D.I. 57).  On May 16, 2014, Cirrex filed its Second Amended Complaint correcting the parties to ARRIS Group, Inc. ("ARRIS"), Alcatel-Lucent USA, Inc. ("ALU"), and Tellabs, Inc., Tellabs Operations, Inc. and Tellabs North America, Inc. (collectively "Tellabs"), and adding allegations regarding ARRIS's alleged infringement of the '783 and '970 Patents.  (D.I. 75).  Answers to the Second Amended Complaint were filed yesterday, June 16, 2014.

On May 23, 2014, Defendants ARRIS, ALU, and Tellabs (collectively "Defendants"), together with third party Source Photonics Inc., filed a petition for *inter partes* review ("IPR") of the asserted claim of the '953 Patent—the only patent asserted against ALU and Tellabs.  Defendant ARRIS is currently preparing and intends to file an IPR with respect to the '783 and '970 Patents in the coming weeks, and no later than the end of this month (i.e., June 30).  Defendants now move to stay the entire case – including the claims against ARRIS regarding the '783 and '970 Patents – pending resolution of the IPR proceeding(s).  This is Defendants' Opening Brief in support of that motion.

## SUMMARY OF THE ARGUMENT

Defendants' motion for a stay of these proceedings pending final resolution of the IPR(s) should be granted, because:

---

[1]      Verizon Services Corp. was later substituted as a defendant in place of Verizon Communications.  (D.I. 28 and Aug. 21, 2013 Minute Order)

A stay will not unduly prejudice Cirrex, a non-practicing entity with no competing products or services, as money damages provide adequate redress for any potential infringement—even if Defendants continue their allegedly infringing activities during the stay.

A stay will simplify the issues in question and narrow the issues for trial in this case given that Defendants have requested IPR of the validity of the only asserted claim in the case on the '953 Patent, and given that ARRIS (the only defendant against whom the other two patents-in-suit have been asserted) will file an IPR on all asserted claims of those two patents in the coming weeks. To date, the United States Patent and Trademark Office (the "PTO") has cancelled 264 of the 274 patent claims placed before it in IPRs.

No depositions have occurred in this case and discovery remains in its early stages, favoring granting a stay, especially given that the Court has not yet expended its limited resources on this litigation.

## STATEMENT OF FACTS

### I.      THE '953 PATENT

In its opening Complaint, Plaintiff alleged that each of the Defendants infringe Claim 30 of the '953 Patent. The '953 Patent, entitled "Optical Assembly with High Performance Filter," was filed on May 25, 1999, and issued on June 11, 2002. It is a continuation-in-part of U.S. Patent No. 5,953,472, filed March 13, 1997, and claims to be related to three separate provisional applications filed March 13, 1996, January 28, 1997, and February 14, 1997. The '953 Patent discloses optical noise reduction in optical assemblies by controlling or limiting unwanted photon entrance, reflection, departure, or appearance in for from the assembly. ('953 Patent, 2:36-39).

In its Paragraph 4(C) Disclosures (served on February 1, 2014), Cirrex confirmed that it was only asserting infringement of a single claim, claim 30, which is directed to the

2

combination of (1) a waveguide, (2) a thin-film filter in optical communication with the waveguide, and (3) a mask in contact with a face surface of the filter.[2]  Specifically, claim 30 reads:

> 30. An optical assembly comprising
>
> a waveguide having at least one end face,
>
> a thin-film filter in optical communication with said waveguide,
>
> said filter having a first face surface optically closer to said waveguide end face and a second face surface opposed to said first face, and
>
> a mask in intimate contact with at least one of said filter surfaces, said mask substantially opaque in at least some spectral region.

## II.     DEFENDANTS' IPR PETITION

Defendants filed their IPR petition with the PTO on May 23, 2014.  *See* Ex. A. (Petition for *Inter Partes* Review of U.S. Patent No. 6,404,953, Case No. IPR2014-00815).  In their petition, Defendants argue that the asserted claim of the '953 patent is invalid as anticipated or obvious in light of several prior art references.  These include:

- U.S. Patent No. 5,546,486 to Shih et al.
- U.S. Patent No. 4,883,062 to Nicholson.
- U.S. Patent No. 5,457,558 to Yokoyama.

(*Id.*)  None of these references were cited during the prosecution history of the '953 patent, either by the Examiner or the applicant.

---

[2]     In its May 29, 2014 response to an interrogatory requesting that Cirrex identify the basis of its infringement contentions—served approximately one week after the filing of the IPR petition—Cirrex "incorporate[d] by reference the preliminary infringement contentions provided to each Defendant pursuant to Paragraph 4(c) of the Delaware Default Standard for Discovery of Electronically Stored Information, which were served on February 1, 2014" and thereby further confirmed that Claim 30 of the '953 Patent was the only claim asserted against Defendants.

By statute, the PTO must decide whether to grant the IPR request within three months from the filing date of Cirrex's response to the petition (due August 23, 2014).  *See* 35 U.S.C. § 314(b).  The most recent statistics show that 397 of 474, or more than 4 out of 5, IPR petitions filed result in instituted trials.[3]  Of those instituted IPRs that reach a final written decision, more than 96% of the claims considered have been cancelled.  In the event that the claim survives the IPR, the resulting estoppels would substantially streamline this litigation.  Given this landscape, Defendants expect the PTO to grant its IPR request, and in doing so, to reject the asserted claim of the '953 patent based on one or more of the never-before-studied references.

In addition, ARRIS is filing two additional IPRs this month challenging the validity of the '783 and '970 Patents by the end of this month.

## ARGUMENT

"As part of the court's 'inherent power to conserve judicial resources by controlling its own docket,' the court may exercise its discretion to stay a pending litigation." *Bonutti Skeletal Innovations, LLC v. Zimmer Holdings, Inc.*, C.A. 12-1107-GMS, 2014 WL 1369721, *2 (D. Del. April 7, 2014) (quoting *Cost Bros., Inc. v. Travelers Indem. Co.*, 760 F.2d 58, 60 (3d Cir. 1985)); *see also Ethicon v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) ("Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination").  In determining whether to stay a case, the Court has traditionally balanced three factors: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a

---

[3]     As of March 16, 2014 and as reported by Harness Dickey at http://ipr-pgr.com/wp-content/uploads/2014/04/IPR-PGR-Report-Vol.-5.pdf (last visited June 17, 2014) (Ex.B).

stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and [a] trial date has been set." *Bonutti Skeletal*, 2014 WL 1369721, at *2; *Bayer Intellectual Prop. GmbH v. Warner Chilcott Co.*, C.A. No. 12-1032-GMS, 2013 WL 6503456, *1 (D. Del. Dec. 9, 2013); *First Am. Title Ins. Co. v. McLaren LLC*, C.A. No. 10-363-GMS, 2012 WL 769601, at *4 (D. Del. Mar. 9, 2012).

## I.      A STAY WILL NOT UNDULY PREJUDICE CIRREX

There would be no prejudice to Cirrex from a stay.  As this Court has repeatedly held, "[p]otential delay does not in itself establish undue prejudice to the non-movant." *Bonutti Skeletal*, 2014 WL 1369721, at *2; *Neste Oil OYJ v. Dynamic Fuels, LLC*, C.A. No. 12-1744-GMS, 2013 WL 335984, at *2 (D. Del. July 2, 2013); *BodyMedia, Inc. v. Basis Sci., Inc.*, C.A. No. 12-113-GMS, 2013 WL 2462105, at *1 (D. Del. Jun. 6, 2013).  In order to gauge the likelihood of prejudice, the Court has weighed a variety of sub factors.  These include "the timing of the request for reexamination, the timing of the request for stay, the status of the reexamination proceedings, and the relationship of the parties." *Bonutti Skeletal*, 2014 WL 1369721, at *2; *Neste Oil*, 2013 WL 335984, at *2; *Boston Scientific Corp. v. Cordis Corp.*, 777 F. Supp. 2d 783, 789 (D. Del. 2011).

### A.      Defendants Timely Filed the Petition for IPR and Promptly Moved For a Stay

After being sued in this lawsuit, Defendants worked toward determining the key issues in this litigation and searching for invalidating prior art before filing a petition with the PTO.  Cirrex received Defendants' core document production, and then it was not until February 1, 2014, that Cirrex confirmed in its Paragraph 4(C) Disclosures that it was only asserting Claim 30 of the '953 Patent.  On May 16, 2014, Cirrex amended its Complaint a second time to assert additional patents against Defendant ARRIS and further confirm that it was only asserting claim

30 of the '953 against Defendants.  And on May 29, 2014, in response to a common interrogatory seeking further clarification regarding its infringement contentions, Cirrex responded by incorporating by reference its Paragraph 4(C) Disclosures, which only identified Claim 30 of the '953 as infringed.  Defendants' search for prior art has been accordingly an on-going, iterative process, and Defendants only recently learned of some of the art cited despite previous in depth searches.  Nevertheless, Defendants filed their IPR petition within the statutorily prescribed limited time period.[4]  As Defendants complied with their statutory mandate after a diligent search for prior art, its request should not be deemed untimely or suggestive of dilatory motive in any way.  *SunPower Corp. v. PanelClaw, Inc.*, C.A. No. 12- 1633-GMS, slip op., at 2 (D.I. 43) (D. Del. May 16, 2014) (Ex. C) (granting motion to stay pending IPR; filing of IPR on eve of deadline was not evidence of "dilatory intent")

Indeed, after the steps necessary to identify the asserted claims (i.e., the identification of accused products by Plaintiff**,** core document production by Defendants, and service of infringement contentions by Plaintiff), little substantive discovery activity has occurred (for example, no fact depositions of any party or third part have yet occurred), confirming that the filing was timely.  *See Bonutti Skeletal*, 2014 WL 1369721, at *3 ("Because the IPR petitions were filed before any significant occurrences and proceedings in the instant cases, the court rules that the petitions were filed in a timely fashion."); *Ever Win Int'l Corp. v. Radioshack Corp.*, 902 F. Supp. 2d 503, 508-09 (D. Del. 2012) (concluding that the defendants request for *ex parte* reexamination was timely filed, and not "motivated by inappropriate litigation tactics," because "although Defendant did not make its request for reexamination (and

---

[4]      "In a patent infringement action, the defendant must file an IPR petition relating to any underlying patent no later than one year after the date on which the complaint is served." *Bonutti Skeletal*, 2014 WL 1369721, at *2 (citing 35 U.S.C. § 315(b)).

its follow-on request for a stay) immediately after it was served . . . [i]ts requests were filed at a time when little substantive activity had yet occurred.").

Defendants filed their IPR petition on May 23, 2014, and this motion for stay promptly followed. The case is still in its infancy, and there is no improper motive to be gleaned from the record. This sub-factor weighs in favor of a stay.

**B.      Status of the IPR**

The AIA provides that the Defendants' IPR proceedings must conclude in a relatively short period of time (12-18 months). Cirrex has until August 23, 2014 to file an optional preliminary response to the '953 IPR petition. The PTO is required by statute to grant or deny the petition within three months of that date, or November 23, 2014. That the PTAB has yet to grant Defendants' IPR does not counsel against granting a stay now. *SunPower*, 12-cv-1633-GMS, slip op., at 4. The remaining two petitions will be filed by the end of June, 2014 and thus will have a similar schedule, with Cirrex's preliminary response due by the end of September, and the PTAB to issue its decision to institute the proceedings due no later than the end of December 2014.

Moreover, once the petitions are instituted, the PTO will have one year to announce its final decision on patentability. By way of comparison, this case is not scheduled for a *Markman* hearing until November 13, 2014, and the first of three trials is not scheduled to begin until February 29, 2016. A one year decision on the petition would therefore happen after the *Markman* decision, but months before trial. Such an event could nullify the efforts expended by the Court and the parties in arriving at a *Markman* determination. *AIP Acquisitions LLC v. Level3 Comms., LLC*, C.A. No. 12-617-GMS, D.I. 74, slip op. at 5 n. 5 (D. Del. Jan. 9, 2014) (Ex. D) ("Indeed, if the court does not stay the action, the PTO's final decision will likely issue after the scheduled *Markman* hearing . . . but before trial . . . thereby nullifying the court's

7

*Markman* efforts in the 'reasonably likely' event that claims are amended or canceled during the IPR proceeding.").

### C. Cirrex Does Not Practice the Patents and Cannot Lose Market Share or Goodwill During a Stay

This is not a case where the parties are direct competitors.  Cirrex is a patent assertion entity that does not make or sell any product covered by the patents-in-suit.  *See* Response to Common Interrogatory No. 15 ("Cirrex does not contend that any product made or authorized by Cirrex embodies the asserted claims of the patent-in-suit."); *Bonutti Skeletal*, 2014 WL 1369721, at *4 ("As a general matter, courts hesitate to grant stays where the parties are direct competitors. . . . The relationship between the parties is no impediment to a stay, however, where the plaintiff is a non-practicing entity.")

Courts have found that technology licensing companies like Cirrex are not prejudiced by a stay because money damages provide adequate redress for the potential infringement.  *See, e.g., Walker Digital, LLC v. Google Inc.*, C.A. No. 11-309-SLR, 2013 U.S. Dist. LEXIS 52176, at *7 (D. Del. Apr. 11, 2013) (concluding that "because [the plaintiff] is a non-practicing entity, any prejudice that may result from a stay can be remedied by monetary damages.")  As this Court recently explained, "to the extent that the claims are affirmed by the PTO, [the licensing company] will not be prejudiced because it can be compensated by money damages, including any appropriate interest accrued during the stay," and on the other hand, "even if the claims are ultimately rejected by the PTO, [the licensing company] will benefit from the stay because it will not have to expend resources in two fora."  *In re: Bear Creeks Techs., Inc.*, MDL No. 12-md-2344 (GMS), 2013 WL 3789471, at *3 n.8 (D. Del. July 17, 2013)

Moreover, even if Cirrex ultimately prevails without having to amend claim 30 during the IPR, it will still be able to collect damages accrued during the stay.  *See Patlex Corp.*

*v. Mossinghoff*, 758 F.2d 594, 603 (Fed. Cir. 1985). If Cirrex does have to amend claim 30 during the IPR to preserve validity, damages will be available only for the period after the amendment, and Cirrex's damages claim would be greatly curtailed as the '953 Patent expires in March of 2017. *Fresenius USA, Inc. v. Baxter Intern., Inc.*, 721 F.3d 1330, 1339 (Fed. Cir. 2013) ("if the claim is amended during reexamiantion to render the claim valid, no suit can be maintained for the period prior to the validating amendment.") (citing 35 U.S.C. § 307(b)).

Finally, it is notable that under the IPR procedure, statutory estoppel attaches once an IPR results in a final written decision at the PTO. 35 U.S.C. § 315(e). Each of the defendants is a petitioner to the IPR to which the estoppel provision would apply. As this Court previously held, this estoppel is sufficient to "guard against prejudice" to Plaintiffs. *See In re: Bear Creek*, 2013 WL 3789471, at *3 n.8. This sub-factor favors a stay in this case.

## II. A STAY WILL SIMPLIFY THE ISSUES FOR TRIAL, IF TRIAL IS STILL NEEDED

As this Court has previously explained, "[t]here are many important ways in which granting a stay pending reexamination can simplify the issues in a litigation:"

> (1) all prior art presented to the court at trial will have been first considered by the PTO with its particular expertise, (2) many discovery problems relating to the prior art can be alleviated, (3) if a patent is declared invalid, the suit will likely be dismissed, (4) the outcome of the reexamination may encourage a settlement without further involvement of the court, (5) the record of the reexamination would probably be entered at trial, reducing the complexity and the length of the litigation, (6) issues, defenses, and evidence will be more easily limited in pre-trial conferences and (7) the cost will likely be reduced both for the parties and the court.

*Bonutti Skeletal*, 2014 WL1369721, at *5. This case does not present an exception.

Initially, as both the case and the IPR involve the same single patent claim, any decision

on the IPR will directly affect the position of the parties in this litigation.[5]  Moreover as this

Court has previously acknowledged, "the statistics . . . suggest that [the PTO] will likely grant

review. . . . Further, if *inter partes* review is granted here, the stricter standard for instituting such

review suggests a greater likelihood that the PTO will cancel at least some of the challenged

claims." *Neste Oil OYJ*, 2013 WL 3353984, at *4 (citing *Universal Elecs., Inc. v. Universal

Remote Control, Inc.*, C.A. No. 12-329-AG, 2013 WL 1876459, at *4 (C.D. Cal. May 2, 2013)

("If the PTO cancelled at least some of the challenged claims in 89% of *inter partes*

reexaminations, it seems likely that this percentage will be higher in *inter partes* reviews,

because the *inter partes* review requests by the PTO must satisfy a more restrictive standard."));

*see also Market-Alerts Pty. Ltd. v. Bloomberg Finance L.P., et al.*, C. A. No. 12-780-GMS, slip

op., at 12 (D.I. 25) (D. Del. Feb. 5, 2013) (Ex. E) (granting stay; "The court believes there is at

least a reasonable chance that the PTAB will ultimately invalidate or cause Market-Alerts to

amend some or all of the claims of the '357 Patent, and such a result would have simplifying

---

[5]      As noted before, on May 16, 2014 Cirrex amended its Complaint to allege that one of the
defendants, ARRIS, also purportedly infringes two additional patents.  ARRIS intends to
file IPR petitions on those patents shortly, but even if it did not, a stay of the entire case
would nevertheless be appropriate because "there is no requirement that the issues in the
IPR be identical to those in litigation." *Bonutti Skeletal*, 2014 WL 1369721, at *5 (citing
*Nexans, Inc. v. Belden, Inc.*, C.A. No. 12-1491-SLR-SRF 2014 U.S. Dist. LEXIS 20116,
at *11 (D. Del. Feb. 19, 2014) *adopted by* 2014 U.S. Dist. LEXIS 32322 (D. Del. Mar.
12, 2014)); *Neste Oil OYJ*, 2013 WL 3353984, at *5 ("Finally, while the court recognizes
that this case likely presents certain questions that simply cannot be addressed through
*inter partes* review, it notes that the 'issue simplification' factor does not require
complete overlap.").

Indeed, in *AIP Acquisitions*, Level 3 filed a petition for IPR as to only one of several
patents asserted against Level 3.  The Court held that "the existence of other patents-in-
suit does not influence the court's calculus" (slip op. at 6) and stayed the entire actions
pending the resolution of the IPR of the single patent.

effects on this litigation regardless of the scope of limitations of CBM review.").[6]  If the claim is

cancelled, the case will be over for ALU and Tellabs, and the '953 claim will be over for ARRIS.

Even if the claim is not cancelled, however, the reexamination process would simplify

proceedings as "the court and the parties will have the benefit of the IPR record in any post-stay

*Markman* process." *AIP Acquisitions*, slip op. at 5 (D. Del. Jan. 9, 2014) (citing *Gioello Enters.*

*Ltd. v. Mattel, Inc.*, C.A. No. 99-375-GMS, 2001 WL 125340, at *1 (D. Del. Jan. 29, 2001)).

"Additionally a stay will simplify issues at trial because [defendants] will be estopped from

asserting invalidity arguments that were raised or reasonably could have been raised during the

IPR proceeding." *Id.* citing 35 U.S.C. § 315(e)(2).[7]  This factor supports a stay.

## III.     THE CASE IS IN ITS EARLY STAGES

This case is still in its early stages and has not yet had any significant Court

rulings or similar investitures of time.  The trial date is not until 2016.  The only major discovery

activity that has taken place is the production of core documents, the confirmation of asserted

claims through Plaintiff's infringement contentions, and the service of invalidity contentions by

Defendants, thus setting the stage for the IPR,  Fact discovery is set to run until January 22,

2015.  In addition claim construction briefing is still far off and the Markman hearing is not until

the end of the year.  "Staying a case in its early stages 'can be said to advance judicial efficiency

and maximize the likelihood that neither the Court nor the parties expend their assets addressing

---

[6]     Confirming this Court's belief, the PTAB cancelled all claims of the '357 Patent on
        March 26, 2014.  *See id.* at D.I. 39.

        Moreover, as noted previously, of the 274 claims subject to a final written determination
        in an *inter partes* review, or more than 96%, have been cancelled.  (As of March 16, 2014
        and as reported by Harness Dickey at http://ipr-pgr.com/wp-
        content/uploads/2014/04/IPR-PGR-Report-Vol.-5.pdf (last visited June 17, 2014))(Ex. B)

[7]     ARRIS, ALU, and Tellabs are each co-petitioners for IPR, and thus subject to any
        estoppel provisions with equal force.

invalid claims." *Neste Oil OYJ*, 2013 WL 3353984, at *5 (citing *SenoRx, Inc.*, 2013 WL 144255, at *5); *see also Ever Win Int'l*, 902 F. Supp. 2d at 508-09 (concluding that the defendant's *ex parte* reexamination request was timely filed because "although Defendant did not make its request for reexamiantion (and its follow-on request for a stay) immediately after it was served . . . [i]ts requests were filed at a time when little substantive activity had yet occurred"); *Fifth Market, Inc. v. CME Group Inc.*, C.A. 08-520-GMS, D.I. 182 slip op. at 2, n.3 (D. Del. May 20, 2011) (Ex. F)(staying a case pending *ex parte* reexamination after claim construction and towards the end of discovery).  This factor supports a stay.

## CONCLUSION

For the foregoing reasons, a stay should be granted pending resolution of at least the '953 Patent IPR.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Paul Saindon

_____

Jack B. Blumenfeld (#1014)
Paul Saindon (#5110)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
psaindon@mnat.com

*Attorneys for Alcatel-Lucent USA, Inc.*

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Paul Saindon

_____

Jack B. Blumenfeld (#1014)
Paul Saindon (#5110)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
psaindon@mnat.com

*Attorneys for ARRIS Group, Inc.*

OF COUNSEL:

L. Norwood Jameson, Esquire
Matthew C. Gaudet, Esquire
John R. Gibson, Esquire
S. Neil Anderson, Esquire
DUANE MORRIS LLP
1075 Peachtree Street NE, Suite 2000
Atlanta, GA  30309-3929

John M. Baird, Esquire
DUANE MORRIS LLP
505 9th Street, N.W., Suite 1000
Washington, DC  20004-2166

SEITZ ROSS ARONSTAM & MORITZ LLP

*/s/ Benjamin J. Schladweiler*

_____
Collins J. Seitz, Jr. (#2237)
Benjamin J. Schladweiler (#4601)
100 South West Street, Suite 400
Wilmington, DE  19801
(302) 576-1600
cseitz@seitzross.com
bschladweiler@seitzross.com

*Attorneys for Tellabs, Inc., Tellabs Operations,*
*Inc., Tellabs North America, Inc.*

OF COUNSEL:

L. Norwood Jameson, Esquire
Matthew C. Gaudet, Esquire
John R. Gibson, Esquire
S. Neil Anderson, Esquire
DUANE MORRIS LLP
1075 Peachtree Street NE, Suite 2000
Atlanta, GA  30309-3929

John M. Baird, Esquire
DUANE MORRIS LLP
505 9th Street, N.W., Suite 1000
Washington, DC  20004-2166

June 17, 2014

8269790.4

## <u>CERTIFICATE OF SERVICE</u>

   I hereby certify that on June 17, 2014, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

   I further certify that I caused copies of the foregoing document to be served on June 17, 2014, upon the following in the manner indicated:

Richard D. Kirk, Esquire          *VIA ELECTRONIC MAIL*
Stephen B. Brauerman, Esquire
Vanessa R. Tiradentes, Esquire
BAYARD, P.A.
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899
*Attorneys for Plaintiff*

Marc A. Fenster, Esquire          *VIA ELECTRONIC MAIL*
Daniel P. Hipskind, Esquire
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA  90025
*Attorneys for Plaintiff*

Collins J. Seitz, Jr., Esquire         *VIA ELECTRONIC MAIL*
Benjamin J. Schladweiler, Esquire
SEITZ ROSS ARONSTAM & MORITZ LLP
100 South West Street, Suite 400
Wilmington, DE  19801
*Attorneys for Tellabs, Inc., Tellabs Operations,*
*Inc., Tellabs North America, Inc. and Verizon*
*Services Corp.*

L. Norwood Jameson, Esquire                                   *VIA ELECTRONIC MAIL*
Matthew C. Gaudet, Esquire
John R. Gibson, Esquire
S. Neil Anderson, Esquire
DUANE MORRIS LLP
1075 Peachtree Street NE, Suite 2000
Atlanta, GA  30309-3929
*Attorneys for Tellabs, Inc., Tellabs Operations,*
*Inc., Tellabs North America, Inc., Verizon*
*Services Corp. and ARRIS Group, Inc.*

John M. Baird, Esquire                                        *VIA ELECTRONIC MAIL*
DUANE MORRIS LLP
505 9th Street, N.W., Suite 1000
Washington, DC  20004-2166
*Attorneys for Tellabs, Inc., Tellabs Operations,*
*Inc., Tellabs North America, Inc., Verizon*
*Services Corp. and ARRIS Group, Inc.*

                                          */s/ Paul Saindon*

                                          _____
                                          Paul Saindon (#5110)